Patterson vs. Miller, &c.

CASE 35—PETITION ORDINARY—JANUARY 4.

# Patterson vs. Miller, &c.

APPEAL FROM RUSSELL CIRCUIT COURT.

1. No person is constitutionally eligible to the office of sheriff, unless he is a resident of the county in which he is elected, and has been a resident thereof for one year next preceding the time of his election.

2. Where a person is constitutionally ineligible to the office of sheriff he will not be the lawful incumbent thereof, although he may be elected, obtain a certificate of his election from the examining board, take the oath of office, and execute the bond prescribed by law. Although his acts, as an officer *de facto*, are valid as to third persons, and cannot be questioned collaterally, nevertheless they are invalid so far as he is himself concerned, and his mere color of title to the office will not avail him as a protection in actions against him for trespasses on person or property ; but it may be proved that he was not a resident of the county at the time he was elected, and, therefore, ineligible.

3. The certificate which the examining board issues to a candidate that he is elected to the office of sheriff—although conclusive evidence that he was elected thereto, unless his election be contested before the proper board—is not even *prima facie* evidence that he was eligible to the office.

4. Although the county court is authorized by the statute in certain enumerated cases to declare the office of sheriff vacant, it has no power to inquire into the eligibility of a person claiming to be elected to the office, and applying to be qualified and execute bond, who presents a certificate of his election, or to refuse to permit him to qualify and execute bond according to law, upon the ground that he is ineligible to the office; and the fact that he has qualified and given an official bond in the county court as sheriff, cannot be relied on to prove his eligibility to the office.

5. The provisions of the Civil Code which point out the mode by which a person who usurps an office to which he is not entitled may be deprived thereof, do not have the effect of precluding an inquiry into the legality of his title to the office when it is directly put in issue in an action against the officer himself, in which he sets up and relies upon that title as sufficient to protect him from liability.

JAMES HARLAN, for appellant, cited *Litt. Sel. Cases*, 223 ; 4 *B. Mon.*, 229 ; 10 *Ib.*, 153 ; 3 *Mar.*, 70.

A. J. JAMES, for appellees, cited *Constitution Ky.*, art. 8, sec. 11 ; *Rev. Stat.*, 614, sec. 5 ; *Peters'* C. C. R., 429 ; 1 *Met.*, 138 *to* 145.

T. CRAVENS, on same side, cited *chapter* 14, *Civil Code; Rev. Stat.*, 296, sec. 4 ; *Ib.*, 295, *sub-sec.* 8 ; *Civil Code, secs.* 532 *to* 538 ; 1 *Met.*, 533.

CHIEF JUSTICE SIMPSON DELIVERED THE OPINION OF THE COURT:

This action was brought by William F. Patterson against James P. Miller and William H. Haynes, to recover damages

for an alleged illegal seizure and sale by them of his personal property. The plaintiff stated in his petition that the defendant, Miller, pretending to be the sheriff of Russell county, when in reality he was not the constitutional sheriff of that county, unlawfully and without authority took into his possession and sold a sorrel mare, the property of the plaintiff; and that the defendant, Haynes, purchased said mare at the aforesaid illegal sale, and converted her to his own use.

The defendant, Miller, averred in his answer that he was the sheriff of Russell county, duly elected and qualified, according to law; and as such seized the property in the petition mentioned, and made sale thereof, under and by virtue of two executions which issued from the office of the presiding judge of the Russell county court, and were placed in his hands for collection. And the defendant, Haynes, in his answer, admitted that he had purchased the property so sold, and insisted that he had a right to make the purchase, as the property was sold under execution by a person who was acting as sheriff of the county. The defendant, Miller, read as evidence upon the trial the certificate of his election as the sheriff of Russell county, and the records of the county court, by which it appeared that he had qualified and executed an official bond as sheriff, according to law.

The plaintiff then offered to prove that Miller was not a resident of Russell county at the time he was elected; but was then, and still was, a resident of Adair county. This testimony was rejected by the court on the ground that the certificate of the examining board was conclusive evidence, not only of Miller's election as sheriff, but also of his eligibility to the office. The court, however, decided that evidence might be offered to show that he had removed from the county since his election, although evidence that he was not a resident of the county at the time of his election was inadmissible.

The correctness of this decision of the court below is the only question presented for our consideration.

By the sixth article of the constitution it is provided that no person shall be eligible to the office of sheriff who has not resided one year next preceding the election in the county for which he is a candidate.

The 11th section of the 8th article of the constitution provides that all civil officers for the Commonwealth at large shall reside within the State, and all district, county, or town officers within their respective districts, counties, or towns.

From these constitutional provisions it is manifest that no person is eligible to the office of sheriff unless he is a resident of the county in which he is elected, and has been a resident thereof for one year next preceding the time of his election.

By the 5th section of the 91st chapter of the Revised Statutes it is provided, that "whenever a sheriff shall cease to be a resident of the county in which he shall be sheriff, or shall accept any office of trust or profit under the Federal government, or any incompatible office under the State government, or shall be convicted of treason or felony, the county court shall enter such fact on its records, and that his office is thereby vacated."

A sheriff is required by the constitution to reside in the county of which he is the sheriff; and under the foregoing provision of the Revised Statutes, by ceasing to be a resident thereof he forfeits his office, which may be declared vacant by the proper tribunal.

The 532 section of the Civil Code provides, " that whenever a person usurps an office or franchise to which he is not entitled by law, an action by ordinary proceedings may be instituted against him, either by the Commonwealth or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise."

And the 535 section declares, that a person who continues to exercise an office after having committed an act, or omitted to do an act, the commission or omission of which, by law, creates a forfeiture of his office, shall be subject to be proceeded against for an usurpation thereof.

Whether the acts of a sheriff who has forfeited his office, by a removal from the county, would be valid, and could be relied on for his own protection, until his office should, by a direct proceeding against him, be declared vacant, it is not necessary now to determine. Such acts would, however, according to well settled principles, be legal and valid, so far as third parties were concerned.

But where a person is constitutionally ineligible to an office, he will not be the lawful incumbent thereof, although he may be elected, obtain a certificate of his election from the examining board, take the oath of office, and execute the bond prescribed by law.

Are the acts of the officer in such a case legal to any extent; and if so, to what extent are they legal?

As he holds his office by color of right, and acts as sheriff, all his acts as such are regarded as lawful, so far as third parties are concerned. Public policy requires that they should be so regarded, and that his official authority should not be questioned collaterally. He acts as the sheriff of the county, and it is to the interest of its citizens that his acts should be declared to be valid, so long as he continues thus to act. It has been accordingly held, that a person unconstitutionally commissioned a justice of the peace, was an officer *de facto*, and his acts valid as to third persons. (1 *Mon.*, 86; 3 *Litt.*, 459.) He remains an officer *de facto*, until his office shall be declared to be vacant or forfeited, by a direct proceeding against him, instituted and carried on for that purpose. (*Stokes vs. Kirkpatrick*, 1 *Met. Ky. Rep.*, 143.)

Can he, however, in an action against himself, for acting as sheriff, and seizing and selling the property of the plaintiff without lawful authority, defeat the right of recovery, by showing that he acted as an officer *de facto*, or by relying on his certificate of election and qualification in the county court, as conclusive evidence that he was the lawful sheriff of the county?

The principle is well established, that although the acts of an officer *de facto* are valid as to third persons, nevertheless, they are invalid so far as he is himself concerned; and his mere color of title to the office will not avail him as a protection in actions against him for trespasses on person or property. (*Rodman vs. Harcourt*, 4 *B. Mon.*, 229.)

It only, therefore, remains for us to inquire, whether the certificate of election and the fact that he qualified and gave bond in the county court, as prescribed by law, furnish conclusive evidence that he was the lawful incumbent of the office of sheriff of Russell county.

The examining board is constituted by law for the mere purpose of comparing the polls, and giving a certificate of his election to the candidate having the largest number of votes, according to the returns which have been made by the officers who conducted the election at the different places of voting in the county. It is not the duty of this board to examine into or decide upon the qualifications of the candidates for the office to which they are elected. Consequently, the certificate which it issues to a candidate that he is elected to an office, is not even *prima facie* evidence that he was eligible to the office, although conclusive evidence that he was elected thereto, unless his election be contested before the proper board.

The duty which the law devolves upon the county court in regard to the sheriff, only extends to the administration of the appropriate oath of office, and the taking of a bond with sufficient sureties to be approved of by it. The performance of this duty is incumbent on the county court whenever a person claiming to be entitled to the office of sheriff presents a certificate of his election from the proper board. The court has no power to inquire into his eligibility, or to refuse to permit him to qualify and execute a bond according to law, on the ground that he is ineligible to the office. Consequently, the fact that he has qualified and given an official bond in the county court as sheriff, cannot, be relied upon to prove his eligibility to the office.

If, however, he ceases to be a resident of the county in which he is sheriff, the county court is authorized by the statute to enter that fact on its records, and to declare his office thereby vacated. But no power is given to it to inquire into his place of residence at the time of his election, and to refuse to permit him to qualify as sheriff on the ground that he did not then reside in the county in which he was elected.

The provisions in the Code of Practice, before referred to, point out the mode in which a person who usurps an office to which he is not entitled may be deprived thereof. The proceedings thereby authorized are designed to take the place, and to be in lieu, of the former mode of proceeding by writs of *scire facias* and *quo warranto.* They were not intended, however, to have, nor do they have, the effect of precluding an inquiry into

VOL. 2—63.

the legality of his title to the office, when it is directly put in issue in an action against the officer himself, in which he sets up and relies upon that title as sufficient to protect him from liability.

The constitution has prescribed certain qualifications for office, and has declared that without those qualifications no person shall be eligible to the offices therein mentioned. The people have thus placed a limit on their right of selection, and cannot disregard this constitutional limitation. They have no more right to elect a person to the office of sheriff who resides in another county, than they have to elect a resident of another State to that office. If an election by the people is to be regarded as conclusive evidence of the eligibility of the person elected to the office, then they may set the constitution at naught, and it becomes a dead letter, so far as it undertakes to prescribe the qualifications for office. The constitution cannot be thus violated or disregarded; but the right of the person elected to fill the office must depend upon his constitutional eligibility to the office for which he has been elected.

We decide, therefore, in this case, that as Miller acted under color of title to the office of sheriff, the sale made by him under the executions in his hands is sufficient to protect the purchaser. But if he were constitutionally ineligible to the office of sheriff when elected, the law will not so far encourage a violation of the constitution as to permit him to protect himself under a mere color of authority, exercised in opposition to an express mandate of the constitution, when, too, he must have known that his title to the office was not legal, and, therefore, that all his acts as sheriff were without authority and against law.

The court below, therefore, erred in rejecting the evidence which was offered to be introduced on the trial, to prove that Miller was not a resident of Russell county when he was elected to the office of sheriff.

Wherefore, the judgment is reversed, and cause remanded for a new trial and further proceedings not inconsistent with the principles of this opinion.

The judgment for the appellant's costs in this court must be against Miller alone.