*1072 OPINION.
Lansdon:
It is conceded that the declaration of trust, executed July 21, 1911, by Edward P. Wells, created a valid trust and vested legal title to the property in the trustee named therein; also, that if said trust survived the efforts of August 27, 1919, to revoke it, it was still in existence and the owner of the securities on the date of sale and that in such event the March 1, 1913, value as fixed by the Commissioner is the true cost price to petitioner. All other facts being stipulated, the sole question for determination by this appeal is the legal effect of the so-called revocation of trust, executed August 27, 1919, by the trustees, the donor, Nellie M. Wells, and the four children named as beneficiaries of the trust.
The intentions of the parties, in the execution of this revocation instrument, may be gathered from the reasons they assign in the inducement clauses of the instrument itself, and in the qualifying restrictions they impose upon their successors to the trust. The instrument first enumerates four specific objects which the original maker of the trust desires to accomplish, as follows:
(a) To surrender his rights to the income of the trust estate;
(b) To eliminate both himself and Nellie M. Wells from among the beneficiaries of the trust, so as
*1073 (c) To give the present use and enjoyment of the funds to the children; and
' (d) To make Wells-Dickey Trust Co. trustee of the estate.
To accomplish this the instrument then states that it is deemed advisable by all of the ■parties concerned to have the terms and conditions of such trust rewritten in a new document and the rights of the respective parties restated, and that “ In consideration of the making of such new trust agreement by said donor and at his request ” said trustees thereby transfer and convey the entire trust estate to Wells-Dickey Trust Co. as trustee. The signers of this instrument then declare that they, each for himself or herself and on behalf of their respective issue, do thereby cancel and agree to the termination of the said former trust and the complete revocation thereof by said donor, but “ solely for the purpose of having the entire trust estate impressed with the terms of the new trust wherein the changes are solely for the benefit and to the advantage of each a-ncl every beneficiary, present and future.” (Italics ours.)
There is no question as to what these parties desired to accomplish in the execution of this instrument, but there is much confusion indicated in their minds as to how they were to effect these changes without losing their rights under the trust. It is noted that the trust estate i,s conveyed direct to the Wells-Dickey Trust Co. as trustee, but conditioned that the donor revoke the original trust and create a new one to be impressed upon said property. There is no attempt to revest the title to the trust estate in the donor and they provide against such a contingency by the provisions contained in the concluding paragraph of their instrument, as follows:
It is mutually understood and agreed that in making the change herein proposed that the said trust estate shall not become the property of said donor nor be subject to his authority or dominion save and except for the purpose of re-establishing said trust, authority for the doing of which is hereby granted.
If the donor, then, was given any authority whatever by this so-called revocation instrument, which is extremely doubtful, it was limited to the rewriting of the original trust agreement and restating the terms to conform to the changes to be made as announced in the inducement clauses of the instrument. The fact that the parties to the revocation instrument declared their intention to cancel and revoke said trust in no way affected or impaired its status, since said declarations were coupled with conditions and reservations which preserved the ultimate equities of the parties in the trust property and continued their influence and control over it. There can be no revocation which does not revoke. Whether the efforts of the parties m this case effected an amendment to the original trust, with changed terms, conditions and trustee, is immaterial since the petitioner, in *1074 possession of tbe trust property, is held as substituted trustee, under a resulting trust in favor of the beneficiaries of the trust estate, and as such must administer the trust until relieved of same according to law. Perry on Trusts and Trustees, 6th Ed., ch. 24, 25; Sprague v. Trustee, 186 Mich. 554; Drew v. Wakefield, 54 Me. 291; In Re Wells' Estate, 79 Minn. 53. The beneficial ownership of the securities involved having remained in the same named beneficiaries since tbe creation of the trust on June 21, 1911, until the date of their sale by the petitioner as trustee,-and it being conceded in such event that the March 1, 1913, value is the true basis for determination of gain or loss on said sales, the action of the Commissioner will be sustained.

Decision will he entered for the respondent.